UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FIONA GREENIDGE,

                    Plaintiff,

-against-

BAYA MOVING AND STORAGE,

                    Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

15 CV 5944 (SLT)

**TOWNES, United States District Judge:**

Plaintiff Fiona Greenidge ("Plaintiff"), proceeding *pro se*, brings this action against Baya Moving and Storage ("Baya" or "Defendant"), a company used by the New York City Sheriff or a New York City Marshal to remove and store Plaintiff's property after Plaintiff was evicted from her apartment. Although there is no indication that Plaintiff was ever employed by Defendant, Plaintiff alleges jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff also alleges that Defendant, a private entity, violated the Fourteenth Amendment by damaging, destroying and losing her property. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 but, for the reasons set forth below, dismisses her complaint for lack of subject-matter jurisdiction and for failure to state a claim.

*BACKGROUND*

The following facts are drawn from Plaintiff's pleading, the allegations of which are assumed to be true for the purpose of this memorandum and order.[1] Prior to March 24, 2015,

---

[1] Plaintiff's pleading in this case consists of three pages. The first page—hereafter, the "Complaint"—is a one-page document which lists the parties and their addresses, invokes jurisdiction pursuant to Title VII, states that Plaintiff is seeking only "Monetary Damages," and notes that Plaintiff's "Statement of Claim" is set forth in an attachment. The remaining pages—hereafter, the "Attachment"—are in the form of a letter addressed to an unnamed "Judge."

Plaintiff was a tenant in an apartment building operated by the New York City Housing Authority (the "NYCHA"). On March 24, 2015, Plaintiff was evicted from her apartment pursuant to a Warrant of Eviction issued by the Housing Part of the Civil Court of the City of New York, also known as Brooklyn Landlord Tenant Court. Although Plaintiff alleges that her eviction was "illegal" because she did not owe the NYCHA rent and because the Civil Court judge refused to sign an order to show cause that she proposed, the legality of her eviction is not at issue in this action. Plaintiff's claims against the NYCHA and the Civil Court have already been the subject of two prior lawsuits, both of which have been dismissed by the Court. *See Greenidge v. NYCHA New York City Hous. Auth.*, No. 15-CV-1366 (SLT), 2015 WL 5518481 (E.D.N.Y. Sept. 16, 2015); *Greenidge v. Bklyn Landlord Tenant Ct.*, No. 15-CV-1144 (SLT), slip op. at 11 (E.D.N.Y. Mar. 9, 2015).

It is unclear whether the Warrant of Eviction was executed by the New York City Sheriff or a New York City Marshal.[2] The first paragraph of the Attachment implies that Plaintiff was evicted by the Sheriff, whom Plaintiff accuses of "burglariz[ing]" her apartment along with the New York City Police Department, the NYCHA, its staff and tenants. In contrast, paragraphs two and three of the Attachment state that "the Marshalls [sic] Office" evicted her. Plaintiff does not name either the Sheriff or a marshal as a defendant.

Rather, this action is brought solely against Baya, "[t]he moving company the Marshalls [sic] Office used" to remove Plaintiff's belongings from the NYCHA apartment. Attachment, p.

---

[2]The City Sheriff is the enforcement officer of the Supreme Court of the State of New York and is authorized to enforce the judgments, including evictions, of both the Supreme and Civil Courts. New York City Marshals are public officials, appointed by the Mayor, who earn income by performing certain tasks in Civil Court cases, including carrying out evictions. *See* http://www.nyc.gov/html/doi/html/marshals/evictions.shtml#faq24.

1. According to Plaintiff, "[t]he company intentionally did not perform a full eviction," but left "[e]xpensive furniture" in the apartment which was never returned. Attachment, p. 2. Other furniture, which was removed and placed in Baya's Bronx storage facility, was either damaged or "intentionally destroyed" before being returned to Plaintiff in July or August 2015. Attachment, p. 1. A 36-inch flatscreen television was never returned at all. *Id.*

On October 13, 2015, Plaintiff commenced this action, seeking to recover money damages from Baya. Plaintiff's Complaint states that "[t]he Jurisdiction of the Court is invoked pursuant to Title VII," and the Attachment alleges that "Baya ... discriminated against [Plaintiff] by destroying all of [her] furniture knowing that their bill was paid in full by [the New York City Human Resources Administration] and [Plaintiff] was evicted illegally." Attachment, p. 2. The pleading also alleges that Baya's actions violated the "14th Amendment to the U.S. Constitution," quoting that portion of the Amendment which encompasses the Due Process and Equal Protection Clauses. *Id.*, p. 1.

## *DISCUSSION*

### *Legal Standard*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In addition, federal courts have an independent obligation to examine the basis of their jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

### *Plaintiff's Pleading Does Not Allege a Basis for Subject-matter Jurisdiction*

Although the Complaint alleges that this Court has jurisdiction under Title VII, Plaintiff's pleading fails to state a claim under that statute. As this Court has advised Plaintiff in prior cases, "Title VII makes it unlawful for an employer to fail or refuse to hire ... any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Greenidge v. NYCHA New York City Hous. Auth.*, 2015 WL 5518481, at *6 (internal quotations and citations omitted; ellipsis in original); *see also Greenidge v. NYC Human Res. Admin.*, No. 14-CV-7360 (SLT), 2015 WL 4879420, at *3 (E.D.N.Y. Aug. 14, 2015) (quoting 42 U.S.C. § 2000e-2(a)(1)); *Greenidge v. NYS Dep't of Labor*, No. 14-CV-4958 (SLT), 2015 WL 170574, at *2 (E.D.N.Y. Jan. 13, 2015), *appeal dismissed*, No. 15-371 (2d Cir. Apr. 6, 2015). Here, Plaintiff does not allege that she was ever employed by Defendant or that she is a member of a protected class.

### *Plaintiff's Pleading does not State a Claim under 42 U.S.C. § 1983*

Plaintiff's pleading suggests another possible basis for subject-matter jurisdiction, however. The Attachment not only mentions the "14th Amendment to the U.S. Constitution," but quotes a portion of that Amendment which encompasses the Due Process Clause. Although the Attachment does not cite to 42 U.S.C. § 1983 or expressly allege a due process violation, the Court liberally construes Plaintiff's pleading as attempting to advance a § 1983 claim alleging that Defendant violated the 14th Amendment by infringing her property rights without affording her due process of law.

"Section 1983 imposes civil liability upon a party who 'under color [of law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws....'" *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 271 (2d Cir. 1999) (brackets and ellipses in original) (quoting 42 U.S.C. § 1983). In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). "[N]egligence is not a valid basis for liability under 42 U.S.C. § 1983." *Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F.Supp.2d 117, 121 (E.D.N.Y. 2004) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)); *see also Estelle*, 429 U.S. at 105-06 (negligence in diagnosing or treating a medical condition is insufficient to state a valid Eighth Amendment claim).

The Fourteenth Amendment "is directed at the States ... [and] can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Plaintiff's pleadings, however, imply that Baya is a private entity: a

"moving company the Marshalls [sic] Office used" to remove and store Plaintiff's belongings. Attachment, p. 1. In a case in which a private entity is alleged to have violated Fourteenth Amendment rights, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). This is a "necessarily fact-bound inquiry," *Lugar*, 457 U.S. at 939, and "the criteria lack rigid simplicity." *Brentwood Acad.*, 531 U.S. at 295. As the Supreme Court has stated, "From the range of circumstances that could point toward the State behind an individual face, no one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient ...." *Id.*

The facts alleged in Plaintiff's pleading do not suggest a basis for finding that Baya's alleged actions constituted state action. The facts in this case are similar to those in *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149 (1978), which also involved a tenant who had been evicted by a city marshal and a company used by the marshal to move and store the tenant's belongings. When the tenant failed to pay the charges for the moving and storage, the company threatened to sell the belongings pursuant to New York Uniform Commercial Code § 7-210, which provides that a warehouse's lien may be enforced through a sale of stored goods. The tenant then commenced a § 1983 action in federal court, seeking injunctive relief, damages, and a declaration that a sale pursuant to §7-210 would violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

A district court dismissed the tenant's lawsuit for lack of jurisdiction, finding that the company's conduct was not that of the State. *See Brooks v. Flagg Bros., Inc.*, 404 F.Supp. 1059

(S.D.N.Y. 1975). Although the Second Circuit reversed the district court, finding sufficient state involvement with the proposed sale to invoke the provisions of the Due Process Clause of the Fourteenth Amendment, *see Brooks v. Flagg Bros., Inc.* 553 F.2d 764 (2d Cir. 1977), the Supreme Court agreed with the district court. The Supreme Court held, among other things, that the State had not delegated to the moving company a power "traditionally exclusively reserved to the State," *Flagg Bros.*, 436 U.S. at 157-60, and that the State's acquiescence in a private action did not convert that action into that of the State. *Id.*, at 164.

In this case, there is even less nexus between the State and the challenged action than there was in *Flagg Brothers*. Here, Plaintiff's pleadings allege that Plaintiff's television was "not returned," but do not allege that Baya sold the television or any of Plaintiff's other belongings. Indeed, the only nexus between the State and Baya alleged in Plaintiff's pleading is that a City Marshal "used" Baya to remove and store Plaintiff's belongings and that the company was ultimately paid by a City agency, the Human Resources Administration. "[T]he mere fact that a private actor is paid by state funds, or is hired by a state actor, is insufficient to establish state action." *Gorman v. Rensselaer County*, No. 1:14-CV-0434 LEK/RFT, 2015 WL 1268195, at *6 (N.D.N.Y. Mar. 19, 2015) (quoting *Emanuel v. Griffin*, No. 13 Civ. 1806, 2013 WL 5477505, at *5 (S.D.N.Y. Oct. 2, 2013)).

Plaintiff's pleading not only fails to state a Fourteenth Amendment claim, but fails to suggest any other violation of the United States Constitution or federal law. The pleading alleges that Baya failed to remove all of Plaintiff's belongings from the apartment, "intentionally destroyed" at least some of Plaintiff's furniture, and allowed other property to become damaged and lost. These allegations suggest negligence or an intentional tort. While it may be possible

for Plaintiff to pursue these claims in state court, these state-law claims cannot be the basis of a claim under § 1983.

In sum, the Court finds that, even construed liberally, Plaintiff's pleading does not state a federal claim. Moreover, because the Complaint specifically alleges that both Plaintiff and Defendant are New York residents, there is clearly no basis for diversity jurisdiction. In the absence of any apparent basis for subject-matter jurisdiction, the Court concludes that it would be futile to grant Plaintiff leave to amend her pleading.

### *Warning*

Since mid-August 2014, Plaintiff has filed eight *pro se* complaints with this Court. With two exceptions, all of the prior actions have been dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Greenidge v. NYCHA New York City Hous. Auth.*, 2015 WL 5518481, at *9; *Greenidge v. NYC Human Res. Admin.*, 2015 WL 4879420, at *5; *Greenidge v. Bklyn Landlord Tenant Ct.*, No. 15-CV-1144, slip op. at 11; *Greenidge v. State Processing Ctr.*, No. 14-CV-7361 (SLT), 2015 WL 502231, at *4 (E.D.N.Y. Feb. 5, 2015); *Greenidge v. NYS Dep't of Labor*, 2015 WL 170574, at *3. Five of the six above-cited opinions were issued before the complaint in this action was filed. As noted on page 4, *supra*, at least three of those five cases raised meritless Title VII claims.

"[D]istrict courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted; brackets in original). Indeed, the Second Circuit has held that a filing injunction "is appropriate when a plaintiff 'abuse[s] the process of the Courts to harass

and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings.'" *Id.* (brackets in original) (quoting *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir.1981) (per curiam)); *see also Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997) (per curiam). Plaintiff is warned that if she files actions in the future which ignore guidance offered in this and previous opinions or which repeat claims that have already been dismissed, the Court may direct her to show cause why a filing injunction should not issue prohibiting her from filing additional actions without first obtaining the Court's permission.

## *CONCLUSION*

For the reasons stated above, Plaintiff's complaint is dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). Nothing herein precludes Plaintiff from suing Defendant in state court for negligence, an intentional tort, or any other state-law claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Plaintiff is warned that any actions she may file in the future are not to repeat claims that have already been dismissed in prior cases or to ignore guidance offered in this and previous opinions.

**SO ORDERED.**

/s/ *Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: November 3, 2015
Brooklyn, New York

9